UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, LP., § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| CITIGROUP GLOBAL MARKETS, § | NO. 3:12-CV-01100 | |
| INC., BABSON CAPITAL § | | |
| MANAGEMENT LLC, and THE BANK § | | |
| OF NEW YORK MELLON TRUST, § | | |
| N.A., § | | |
| *Defendants*. § | | |

## AMENDED NOTICE OF REMOVAL

Defendant Citigroup Global Markets, Inc. ("Citigroup") files this Amended Notice of Removal and respectfully shows the Court the following:

### THE REMOVED ACTION

1. The removed action is a civil case filed on or about April 5, 2012, styled *Highland Capital Management, LP v. Citigroup Global Markets, Inc., Babson Capital Management LLC, and Bank of New York Mellon Trust, N.A.*, Cause No. DC12-03783, in the 101st Judicial District Court, Dallas County, Texas (the "Removed Action").

### DOCUMENTS FROM REMOVED ACTION

2. Pursuant to 28 U.S.C. § 1446(a) and LOCAL RULE 81.1 of the United States District Court for the Northern District of Texas, Defendants included the following with their initial Notice of Removal: (1) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court; (2) a copy of the docket sheet in the state court action; (3) each document filed in the state court action, except discovery material,

individually tabbed and arranged in chronological order according to the state court file date; and (4) a separately signed certificate of interested persons that complies with LOCAL RULE 3.1(f).

## REMOVAL IS TIMELY

3.      Removal is timely under 28 U.S.C § 1446(b) because Citigroup was served with a summons on April 10, 2012.

## CONSENT TO REMOVAL

4.      Defendants Babson Capital Management LLC and The Bank of New York Mellon Trust, N.A. consent to this removal.

## THE VENUE REQUIREMENT IS MET

5.      The venue requirement is met under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the Removed Action was pending.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPERLY JOINED PARTIES

6.      This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7.      As admitted in Plaintiffs' Original Petition ("Petition"), plaintiff Highland Capital Management, LP ("Highland") is a limited partnership, according to filings from the Texas Secretary of State, organized under the state laws of Delaware with its principal place of business in Texas. *See* Petition, ¶ 2. According to Highland's Motion to Remand (Doc. 5), one of its limited partners is a trust whose trustee is a California resident. Mot. to Remand at 2. Thus, Highland claims that it is a citizen of California, among other states. *Id.* at 3.

8.  As admitted in the Petition, Defendant Citigroup is a corporation organized under the state laws of New York with its principal place of business in New York. *See* Petition, ¶ 3. Thus, Citigroup is a citizen of New York.

9.  Defendant Babson Capital Management LLC ("Babson") is a Delaware limited liability company. Its sole member is MassMutual Holding, LLC ("Holding LLC"), a Delaware limited liability company whose sole member is Massachusetts Mutual Life Insurance Co., which is a Massachusetts corporation with its principal place of business in Massachusetts. Thus, Babson is a citizen of Massachusetts. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

10.  Defendant The Bank of New York Mellon, Trust, N.A. ("BNY"), is a national banking association with its main office located in California. *See* Petition, ¶ 7. As a national banking association, BNY is deemed a citizen of the state where its main office is located, which is California. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

11.  Plaintiff's Petition asserts claims against Citigroup and Babson ***only*** and does not even purport to state a single substantive claim against BNY. Plaintiff thus fails to plead any facts sufficient to state a claim to relief against BNY that is plausible on its face and fails to satisfy the requirements of both Fed. R. Civ. P. 20(a) and Tex. R. Civ. P. 40(a). Accordingly, BNY is both fraudulently joined and misjoined in this action, and the Court should disregard BNY's citizenship for diversity purposes. *See* 28 U.S.C. § 1441(b); *Crocket v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 578 (5th Cir. 2004); *Wells Fargo Bank, N.A. v. American General Life Ins. Co.*, 670 F. Supp. 2d 555, 561-564 (N.D. Tex. 2009) (Means, J.); *Crawford v. Charles Schwab & Co., Inc.*, No. 3:09-CV-0666-G, 2009 WL 3573658, at *2 (N.D. Tex. Oct. 30, 2009) (Fish, S. J.).

12. Because all of the properly joined defendants are citizens of different states than the plaintiff, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

13. The monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. By the Petition, plaintiff seeks to enjoin Citigroup from exercising its contractual right to remove Highland as Portfolio Manager of the Liberty CLO, a collateralized loan obligation. Plaintiff further seeks a declaratory judgment and damages in an amount greater than $75,000 on this basis. In that regard, Babson, as nominee successor Portfolio Manager, is improperly named as a party to this action because Citigroup directed the removal of the Portfolio Manager based on its equity holding of the CLO.[1]

15. The Petition included a request for a jury trial. *See* Petition, ¶ 26.

## FILING OF REMOVAL PAPERS

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was given simultaneously with the initial Notice of Removal to Plaintiff's counsel, and a Notice to the State Court of Filing Notice of Removal was filed simultaneously with the initial Notice of Removal with the 101st Judicial District Court, Dallas County, Texas.

WHEREFORE, Citigroup Global Markets, Inc. removes the above-captioned action from the 101st Judicial District, Dallas County, Texas, to this Court.

---

[1] As described above, Babson's improper joinder in this action does not prevent removal on the basis of diversity. Citigroup, however, reserves the right to assert, if necessary, that Babson is fraudulently misjoined in this action solely to defeat this Court's diversity jurisdiction and therefore should be severed and dismissed.

        Respectfully submitted,

        */s/ George M. Kryder*_____
        George M. Kryder
          State Bar No. 11742900
        Michael C. Holmes
          State Bar No. 24002307
        Manuel G. Berrelez
          State Bar No. 24057760
        VINSON & ELKINS LLP
        2001 Ross Avenue, Suite 3700
        Dallas, TX  75201-2975
        Telephone: (214) 220-7700
        Facsimile: (214) 220-7716

        *Attorneys for Defendant Citigroup Global Markets, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon counsel of record on this 30th day of April, 2012, in accordance with the Federal Rules of Civil Procedure.

        */s/ Manuel G. Berrelez*_____
        Manuel G. Berrelez