UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, LP., | § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| CITIGROUP GLOBAL MARKETS, INC., BABSON CAPITAL MANAGEMENT LLC, and THE BANK OF NEW YORK MELLON TRUST, N.A., | § § § § § § | NO. 3:12-CV-01100 |
| *Defendants.* | § | |

## SUPPLEMENTAL MOTION TO REMAND AND SUPPORTING BRIEF

## <u>TABLE OF CONTENTS</u>

I.     Introduction ................................................................................................................... 1

II.    Grounds for Motion to Remand ..................................................................................... 2

     A.    Legal Standard ................................................................................................... 2

     B.    Lack of Unanimity of Consent ............................................................................ 2

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Cornella v. State Farm Fire & Cas. Co.,*
    No. 10-1169, 2010 U.S. Dist. LEXIS 76328 (E.D. La June 22, 2010).....................................3

*Extreme Outdoors Ltd., Inc. v. Gary Yamamoto Custom Baits, Inc.*,
    No. H-08-1259, 2008 U.S. Dist. LEXIS 55165 (S.D. Tex July 21, 2008) ...............................3

*Getty Oil Corp. v. Ins. Co. of N. Am.,*
    841 F.2d 1254 (5th Cir. 1988) ............................................................................................2, 3

*Gutierrez v. Flores*,
    543 F.3d 248 (5th Cir. Tex. 2008) .............................................................................................1

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,*
    99 F.3d 746 (5th Cir. 1996) .......................................................................................................2

*Snead v. Woodbine Prod. Corp.,*
    2008 U.S. Dist. LEXIS 82813 (W.D. La. Oct. 11, 2008) ..........................................................3

*Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dept.,*
    794 F.Supp.2d 703 (E.D. Tex. 2011) .........................................................................................3

*Taco Tico of New Orleans, Inc. v. Argonaut Great Cent. Ins. Co.,*
    No. 09-3502, 2009 U.S. Dist. LEXIS 68932 (E.D. La. July 16, 2009) .....................................3

*Taylor v. B&F Corp. Benefits, Inc.*,
    No. 3-05-CV-0553-BD, 2005 U.S. Dist. LEXIS 11341 (N.D. Tex. June 10, 2005) .................3

*Wilson v. Republic Iron & Steel Co.,*
    257 U.S. 92, 42 s.Ct. 35, 66 L.Ed.144 ......................................................................................2


STATUTES

28 U.S.C. 1446(b)(2)(A).................................................................................................................2, 3

28 U.S.C. § 1446............................................................................................................................2

28 U.S.C. § 1446 (b)(2)(B)............................................................................................................2

28 U.S.C. § 1446(c) .......................................................................................................................1

Plaintiff Highland Capital Management, L.P. ("Plaintiff" or "Highland") files this Supplemental Motion to Remand this case to the District Court of Dallas County, Texas, pursuant to 28 U.S.C. § 1446(c) and shows the Court as follows:

## I. <u>Introduction</u>

Plaintiff filed suit against CITI, Babson and BONY[1] in the 101st Judicial District Court of Dallas County, Texas, on April 5, 2012. [Dkt 1, Ex. A-1] Citation on all defendants was issued on April 9, 2012, and all defendants were served with Plaintiff's Amended Original Petition on April 10, 2012. [App. 1-11]. CITI removed the case to this court by Notice of Removal ("Notice") dated April 9, 2012 [Dkt. 1], asserting subject matter jurisdiction on the basis of diversity. Plaintiff filed its Motion to Remand on April 24, 2012 [Dkt. 5], pointing out that complete diversity does not exist because both Defendant BONY and at least one of Highland's limited partners are citizens of California for diversity purposes. On April 30, 2012, CITI filed an Amended Notice of Removal ("Am. Notice") [Dkt. 11], contending for the first time that BONY had been improperly joined to defeat diversity.

CITI'S Amended Notice of Removal states in ¶ 4: "Defendants Babson Capital Management LLC and The Bank of New York Mellon Trust, N.A., consent to this removal." This is the only form of consent by the non-removing defendants that has been presented to the Court. Neither Babson nor BONY has filed any paper with the Court confirming consent to removal.

---

[1] This motion utilizes the defined terms from Highland's Motion to Remand [Dkt 5]

## II.  Grounds for Motion to Remand

### A.  Legal Standard

"Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) *quoting In re Hot-Hed, Inc.,* 477 F.3d 320, 323 (5th Cir. 2007).  The party invoking removal jurisdiction bears the heavy burden of establishing such jurisdiction.  *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed.144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

### B.  Lack of Unanimity of Consent

Removal to the United States District Court requires unanimity of consent by all defendants who have been properly served.

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. 1446(b)(2)(A)

CITI's bare assertion of consent by the non-removing defendants does not satisfy the requirement of unanimity.  The Fifth Circuit requires that a non-removing defendant provide some written evidence of its consent to the court.  A recital of consent in the notice of removal is not sufficient. *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).  In *Getty,* the non-removing defendant filed its consent to removal 51 days after the first defendant

was served.  Under the Fifth Circuit "first served" rule then in effect, this filing was untimely.[2]

The Fifth Circuit rejected defendants' argument that a recital in the removal petition that the non-

removing defendant consented was sufficient to satisfy the unanimity rule of 28 U.S.C. § 1446.

> [T]he defendants-appellees . . . contend that in multiple defendant cases consent
> to removal is all that is required under section 1446, and since INA [the removing
> defendant] stated in the original [removal] petition that NL [the non-removing
> defendant] consented to removal, NL satisfied the statute's time requirements.
>
> But while it may be true that consent to removal is all that is required under
> section 1446, a defendant must do so itself. . . . [T]here must be some timely filed
> written indication from each served defendant, or from some person or entity
> purporting to formally act on its behalf in this respect and to have authority to do
> so, that it has actually consented to such action. Otherwise, there would be
> nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil,* 841 F.2d at 1262 n. 11.

The district courts in this Circuit have consistently followed *Getty.  See, e.g., Spoon v.
Fannin Cnty Cmty Supervision & Corr. Dept.,* 794 F.Supp.2d 703 (E.D. Tex. 2011) (remand

granted where notice of removal stated that removing defendants had received written

confirmation from non-removing defendant that he consented to and joined the removal, but non-

removing defendant failed to timely file any written indication of consent with the court);

*accord, Cornella v. State Farm Fire & Cas. Co.,* No. 10-1169, 2010 U.S. Dist. LEXIS 76328, *8

(E.D. La June 22, 2010); *Taco Tico of New Orleans, Inc. v. Argonaut Great Cent. Ins. Co.,*  No.

09-3502, 2009 U.S. Dist. LEXIS 68932, *1 (E.D. La. July 16, 2009);  *Extreme Outdoors Ltd. v.
Gary Yamamoto Custom Baits, Inc.*, No. H-08-1259, 2008 U.S. Dist. LEXIS 55165, *5 (S.D.

Tex July 21, 2008); *Snead v. Woodbine Prod. Corp.,* No. 08-1301, 2008 U.S. Dist. LEXIS

---

[2] The recent amendments to 28 U.S.C. § 1446 have overruled the "first served defendant" rule.  Under the current
rules, each defendant has 30 days after service on that defendant in which to file its notice of removal.  28 U.S.C. §
1446 (b)(2)(B).

82813, *1 (W.D. La. Oct. 11, 2008); *Taylor v. B&F Corp. Benefits, Inc.*, No. 3-05-CV-0553-BD, 2005 U.S. Dist. LEXIS 11341 (N.D. Tex. June 10, 2005).

As shown by the foregoing cases, in order to comply with the requirements of 28 U.S.C. 1446(b)(2)(A) and the law of the Fifth Circuit, non-removing defendants Babson and BONY[3] were themselves required to file written consent with this Court within 30 days of their receipt of service.  Because neither of them did so, this case must be remanded to the 101st District Court for Dallas County, Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court remand this case to the 101st Judicial District Court of Dallas County, Texas, and for such other and further relief to which it may be entitled.

---

[3] Even if, as CITI contends, BONY's consent to removal was not required because it was improperly joined, there is no argument that Babson has been improperly joined.  Therefore, the absence of Babson's written consent to removal requires remand.

Supplemental Motion to Remand and Supporting Brief - Page 4

Dated: May 18, 2012

Respectfully submitted,

**McKOOL SMITH P.C.**

By: */s/ Lewis LeClair* _____
      Lewis LeClair
      Texas State Bar No. 12072500
      300 Crescent Court, Suite 1500
      Dallas, TX 75201
      Telephone:  (214) 978-4000
      Facsimile:  (214) 978-4044

**ATTORNEYS FOR PLAINTIFF,
HIGHLAND CAPITAL MANAGEMENT, L.P.**

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1(b), I hereby certify that when I attempted to confer with counsel for Citigroup Capital Markets, Inc. regarding Plaintiff's Motion to Remand filed on April 24, 2012, counsel declined to agree to the motion.  I am confident that counsel will not agree to the relief requested in the foregoing Plaintiff's Supplemental Motion to Remand.

*/s/ Lewis LeClair*_____
Lewis LeClair

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record on this the 18th day of May, 2012 through the CM/ECF system.

*/s/ Lewis LeClair*_____
Lewis LeClair

Supplemental Motion to Remand and Supporting Brief - Page 5
McKool 445417v1