UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, LP., | § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| CITIGROUP GLOBAL MARKETS, INC., BABSON CAPITAL MANAGEMENT LLC, and THE BANK OF NEW YORK MELLON TRUST, N.A., | § § § § § § | NO. 3:12-CV-01100 |
| *Defendants.* | § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTIONS TO STAY AND TO REMAND**

**TABLE OF CONTENTS**

I.   SUMMARY ..................................................................................................................1

II.  SUMMARY OF FACTUAL ALLEGATIONS ........................................................2

III. ARGUMENT ...............................................................................................................3

    A.   This Court Has the Inherent Power to Determine the Order
         of Hearing Motions ...........................................................................................3

    B.   The Trustee Has Been Properly Joined; Complete Diversity
         Does Not Exist ..................................................................................................4

        1.   Legal Standard .........................................................................................4

        2.   Highland Has Stated a Valid Declaratory Judgment
            Claim against the Trustee ........................................................................5

        3.   Highland has stated a valid claim for injunctive
            relief against the Trustee .........................................................................9

        4.   Highland has Standing to Assert a Declaratory
            Judgment Action Based on the Injury Caused by
            CITI's wrongful conduct .......................................................................10

IV.  CONCLUSION ..........................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*B., Inc. v. Miller Brewing Co.,*
   663 F.2d 545 (5th Cir. 1981) ...................................................................................................4

*Bright v. Addison,*
   171 S.W.3d 588 (Tex. App. -- Dallas 2005, pet. denied) ..........................................................5

*Dodson v. Spiliada Maritime Corp.,*
   951 F.2d 40 (5th Cir. 1992) ......................................................................................................5

*Duenas v. Garland Independent School Dist.,*
   961 S.W.2d 19 (Tex. App. 1996)...........................................................................................7, 8

*Excel Marketing Solutions, Inc. v. Direct Financial Solutions, LLC,*
   No. 3:11-CV-0109-D, 2011 LEXIS 51551 (N.D. Tex. May 13, 2011)..................................3, 4

*Geske v. Wells Fargo Bank, N.A.,*
   No. 3:11-CV-3337-L, 2012 U.S. Dist. LEXIS 51500 (N.D. Tex. Apr 12, 2012).....................3

*Hirsch v. Stone,*
   62 F.2d 120 (5th Cir. 1932) ......................................................................................................9

*Landis v. North Am. Co.,*
   299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936)....................................................................3

*LULAC v. City of Boerne,*
   659 F.3d 421 (5th Cir. 2011) ..................................................................................................10

*Marsh v. Wells Fargo Bank, N.A.,*
   760 F. Supp.2d 701 (N.D. Tex. 2011) ......................................................................................8

*Miller v. American International Group,*
   No. 3:04-CV-1417-P, 2005 U.S. Dist. LEXIS 8864 (N.D. Tex. May 9, 2005)........................4

*Miller v. Giesecke & Devrient America, Inc.,*
   No. 3:06-CV-1466-D, 2007 U.S. Dist. LEXIS 11539 (Feb. 20, 2007) ................................7, 9

*Pesch v. First City Bank of Dallas,*
   637 F. Supp. 1530 (N.D. Tex 1986) .........................................................................................9

*Sun River Energy, Inc. v. Mirador Consulting, Inc.,*
   No. 3:11-CV-1132-K, 2011 U.S. Dist. LEXIS (N.D. Tex. Aug. 19, 2011) .............................9

*Transportation Ins. Co. v. Franco,*
    821 S.W.2d 751 (Tex. App. -- Amarillo 1992, writ denied)......................................................7

*Travis v. Irby,*
    326 F.3d 644 (5th Cir. 2003) ...................................................................................................5

*U.S. Abatement Corp v. Mobil Exploration & Producing*
    (*In re U. S. Abatement Corp.*), 39 F.3d 556 (5th Cir. 1994)......................................................3


**STATUTES**

Tex. Civ. Prac. & Rem. Code § 37.002(b)......................................................................................6

Tex. Civ. Prac. & Rem. Code § 37.004 (a).....................................................................................5

Tex. Civ. Prac. & Rem. Code § 37.006 (a).....................................................................................6

Texas Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.001 et seq........................5

Texas Property Code § 51.007(e) ...................................................................................................8


**OTHER AUTHORITIES**

William V. Dorsaneo, TEXAS LITIGATION GUIDE § 50.05[2][a]......................................................9

Plaintiff Highland Capital Management, L.P. ("Plaintiff" or "Highland") files this Reply in Support of Its Motions to Stay and to Remand.

## I. SUMMARY

This Court has the inherent power to control its own docket, including the power to stay consideration of Defendant Citigroup Capital Markets, Inc.'s ("CITI"s) Motion to Dismiss or Transfer. The authorities cited by CITI in its Opposition to Motion to Stay ("Opp'n to Stay") do not hold otherwise. Stay of the Motion to Dismiss will conserve both judicial and party resources in the event that the Court determines that it lacks subject matter jurisdiction by virtue of the lack of complete diversity. CITI does not dispute the fact that subject matter jurisdiction is the threshold issue. Instead, CITI puts the cart before the horse by insisting that its response to the Motion to Remand will prove that the non-diverse party, The Bank of New York Mellon Trust Company (the "Trustee" or "BONY") is improperly joined. Opp'n to Stay 2-3. CITI never asserted that the Trustee was improperly joined until Highland pointed out the common citizenship of the Trustee and one of Highland's limited partners in its Motion to Remand.

As demonstrated in the Expedited Motion to Stay, subject matter jurisdiction is a threshold issue. If the Court lacks subject matter jurisdiction, there is no point in considering or ruling on CITI's motion to dismiss. In such a case, any ruling would be void. On the other hand, there is no prejudice to any party for the Court to determine the issue of its subject matter jurisdiction before either the Court or the parties expend any additional effort on the Motion to Dismiss.

In fact, CITI's Opposition to Motion to Remand ("Opp'n to Remand) does not prove improper joinder of the Trustee. It is CITI's burden, as the party invoking this court's jurisdiction, to establish improper joinder. In order to do this, CITI must demonstrate that there

is no possibility that Highland can state a claim against the Trustee in state court. As shown below, CITI's Opposition to Remand misstates and mischaracterizes the facts as well as the applicable legal standards. In short, CITI has not sustained its heavy burden.

## II. SUMMARY OF FACTUAL ALLEGATIONS

Contrary to CITI's assertion, this action does not arise from the "aftermath" of Highland's termination without cause as the Portfolio Manager of Liberty CLO. As is readily apparent from CITI's own filings, that termination has not yet taken effect.[1] This action arises from the machinations that CITI undertook to acquire valuable CLO debt securities at a deep discount and to acquire sufficient CLO equity securities to force a premature liquidation of the CLO so that CITI could line its pockets at the expense of all junior note and certificate holders. Mot. to Dismiss, Ex. B. [App. 21-41; Dkt. 10-3]; Plaintiff's Amended Original Petition ("Am. Pet.") ¶¶ 1-2 & 11-34 [Dkt.1-2, Page ID 73-82]. As a necessary part of this scheme, CITI had to get rid of Highland as Portfolio Manager because Highland refused to go along with CITI's plan. Am Pet. ¶¶ 23-26 [Dkt. 1-2, Page ID 80-81].

CITI similarly mischaracterizes the Trustee's relation to the Portfolio Management Agreement ("PMA"). The Trustee is not a stranger to the PMA. The Trustee is the assignee of "all of [the Issuer's] right, title, and interest in, to, and under" the PMA. Am. Pet. ¶19; December 8, 2005 Indenture ("Indenture") [Appendix in Support of Reply ("Reply App.") 5)]. Furthermore, CITI's correspondence directing Highland's termination was addressed to the Trustee as well as the Issuer. Am. Pet, Ex. D. [Dkt. 1-2, Page ID 126-128]

---

[1] Citigroup Global Markets, Inc.'s Motion to Dismiss or Transfer ("Mot. to Dismiss") [Dkt 9] reveals that the termination does not take effect for 90 days from the date of notice.

### III. ARGUMENT

A. <u>This Court Has the Inherent Power to Determine the Order of Hearing Motions</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In this case, Highland has not requested an indefinite stay of the case; it has requested only that the issue of subject matter jurisdiction be decided before other issues, which is the logical order of proceeding. In *U.S. Abatement Corp v. Mobil Exploration & Producing* (*In re U. S. Abatement Corp.*), 39 F.3d 556 (5th Cir. 1994), the Fifth Circuit rejected the notion that it should interfere with the trial court's decision regarding the order in which to take up motions absent an abuse of discretion.

> We initially note that the bankruptcy court's determination as to what order it should address motions before it is a matter best left to its sound discretion. [Citation omitted.] There is no requirement in the Bankruptcy Code, Bankruptcy Rules or case law that a bankruptcy court address the merits of a pending claim prior to disposing of a motion for equitable subordination. Thus, an appellate court should be loathe [sic] to substitute its judgment for the bankruptcy court regarding such matters of docket management absent an abuse of discretion.

*Id.* at 560. Likewise, there is no requirement in any code, rules or case law that a district court address the merits of a motion to dismiss simultaneously with a motion to remand. Accordingly, the Motion to Stay should be granted.

None of the cases cited in CITI's Opposition compels a different result. In *Geske v. Wells Fargo Bank, N.A.,* No. 3:11-CV-3337-L, 2012 U.S. Dist. LEXIS 51500 (N.D. Tex. Apr 12, 2012), Judge Lindsay took up the plaintiff's motion to remand first, and only after denying that motion, ruled on the defendant's motion to dismiss. *Id.* at 10. In *Excel Marketing Solutions, Inc. v. Direct Financial Solutions, LLC,* No. 3:11-CV-0109-D, 2011 LEXIS 51551 (N.D. Tex. May

13, 2011), Judge Fitzwater ruled on the motion to remand before reaching the motion to dismiss. *Id.* at 2-3. And in *Miller v. American International Group,* No. 3:04-CV-1417-P, 2005 U.S. Dist. LEXIS 8864 (N.D. Tex. May 9, 2005), Judge Solis expressly acknowledged that a court may not rule on a motion to dismiss without first addressing the issue of subject matter jurisdiction raised in a motion to remand. *Id.* at 7. Furthermore, there is no indication in any of those cases that any party moved to stay consideration of the motion to dismiss until the motion to remand had been decided.

### B. The Trustee Has Been Properly Joined; Complete Diversity Does Not Exist

#### 1. Legal Standard

CITI bears the "heavy burden"[2] of proving that the Trustee was improperly joined to defeat diversity. This requires that CITI demonstrate that there is no possibility that Highland could establish a cause of action against the Trustee *in state court* or that Highland has committed "outright fraud" in its pleading of jurisdictional facts.

> In order to establish that [a] defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the [non-diverse] defendant *in state court*; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549-550 (5th Cir. 1981) (emphasis added). Because CITI has affirmatively asserted that the Trustee is a citizen of California, and has not disputed that one of Highland's members is also a citizen of California, there is no allegation of fraud in the pleadings. Thus, the appropriate inquiry is whether there is any possibility that Highland can "establish a cause of action [against the Trustee] in state court." *B., Inc.* 663 F.2d at 549-550.

---

[2] "The party seeking removal bears a *heavy burden* of proving that the joinder of the [non-diverse] party was improper." *Smallwood v.Ill. Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (emphasis added).

In making this determination, the court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Additionally, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [Highland's] favor." *Id.* The court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). When assessed under the applicable standard, Highland has stated a valid declaratory judgment claim and claim for injunctive relief against the Trustee.[3]

2. Highland Has Stated a Valid Declaratory Judgment Claim against the Trustee

Texas courts of record have the power to declare the rights, status, and other legal relations of the parties under the Texas Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.001 et seq.

> (a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code § 37.004 (a).

The purpose of the Declaratory Judgment Act is to "settle and afford relief from uncertainty and insecurity about rights, status, and other legal relations." *Bright v. Addison*, 171 S.W.3d 588, 606 (Tex. App. -- Dallas 2005, pet. denied). To that end, the Act is to be liberally

---

[3] According to *Edwea, Inc. v. Allstate Ins. Co.,* No. H-10-2970, 2010 U.S. Dist. LEXIS 129582 (S.D. Tex. Dec. 8, 2010) because the pleading standard in Texas state courts is more lenient than the federal standard, Highland's Amended Original Petition should be assessed against the more lenient standard. "The majority of courts have held that a federal court should not look to the federal standard for pleading. . . to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the [non-diverse] defendant at least when, as here, the state pleading standard is more lenient." *Id.* at 12-13. Therefore, contrary to CITI's assertion, the Amended Petition is not judged by the *Twombly/Iqbal* standard.

construed and administered. Tex. Civ. Prac. & Rem. Code § 37.002(b). Moreover, the Act *mandates* joinder of all persons whose interests might be affected by the judgment and who are subject to service of process. Tex. Civ. Prac. & Rem. Code § 37.006 (a) ("[A]ll persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.");

BONY is the Trustee of Liberty CLO. The December 8, 2005 Indenture creating the CLO grants to the Trustee all of the Issuer's right, title and interest in, to, and under the PMA, including "the right to give all notices of termination pursuant to the Management Agreement and to take any legal action . . . including the commencement, conduct and consummation of proceedings at law or in equity . . . ."[4] The Indenture confers upon the Trustee additional authority and discretion that far surpass that of a mere stakeholder.[5] As a party to the PMA and

---

[4] Indenture, Sec. 15.1 [Reply App. 61]

[5] At closing of the Liberty CLO, the Issuer granted to the Trustee "all of its right, title, and interest, in, to, and under" its securities, collateral obligations, accounts, cash and agreements, including the PMA ("Granting Clauses" Reply App. 5). Under the Indenture, the Trustee, inter alia, establishes and maintains accounts (Article 10; *id.* at 51-59); disburses payments to the note and certificate holders in accordance with the terms of the Indenture (Sec. 2.8; *id.* at 32-36); assesses acceptability of opinions of counsel (*see* Sec. 1.1, definition of "Opinion of Counsel"; *id.* at 9); notifies note holders of any election by the Issuers to extend the maturity date of the notes and obtains ratings with respect to any such extensions (Sec. 2.4; *id.* at 10-13); maintains the Indenture Register, issues replacement securities upon transfer or surrender of Indenture Securities and confirms that issuance of replacement securities conforms to the Indenture provisions and is exempt from registration under securities laws (Sec.2.6; *id* at 13-15); confirms that a request to remove a restrictive legend from Indenture Securities does not contravene securities laws (Section 2.6 (i); *id.* at 18); is the Secured Party with rights to the collateral for the Indenture Securities (*see* Sec. 1.1, definition of "Financing Statement"; *id* at 8).

In addition, the Trustee is granted wide discretion to act under numerous other provisions of the Indenture. For example, after the occurrence of an Event of Default, the Trustee may:

• decide whether or not to "declare" the Notes to be immediately payable in full (Section 5.2(a); *id.* at 41),
• decide whether or not to rescind such declaration (Section 5.2 (b); *id.*),
• determine whether an Event of Default has been cured (Section 5.2(b)(ii); *id.* at 42),
• decide whether or not to "institute a Proceeding" for collection of sums due, and determine what type of "Proceeding" or other remedy to pursue (Sections 5.3 and 5.4; *id.* at 43-45),
• determine whether to preserve or liquidate Collateral (Section 5.5(a); *id.* at 45),
• decide whether to take "any other action deemed proper by Trustee" even though the Noteholders have assumed control of a "Proceeding" (Section 5.13(b); *id.* at 48-49), and
• postpone a foreclosure sale (Section 5.17(a); *id.* at 50).

Other provisions granting the Trustee discretionary powers are found throughout the Indenture. For example:

**PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS TO STAY AND TO REMAND PAGE 6**

Indenture, the operative agreements at issue, the Trustee is properly joined in an action seeking a declaration of the rights and obligations under those instruments.

Contrary to CITI's contention[6], a plaintiff seeking a declaratory judgment in Texas state court is not required to assert an independent cause of action based on the defendant's wrongful conduct.

> A suit under the Act is not confined to cases in which the parties have a cause of action apart from the Act itself. An actual right of action in one party against another in which consequential relief might be granted need not exist before one is entitled to file a suit for declaratory relief.

*Transportation Ins. Co. v. Franco,* 821 S.W.2d 751, 754 (Tex. App. -- Amarillo 1992, writ denied).

In *Miller v. Giesecke & Devrient America, Inc.*, No. 3:06-CV-1466-D, 2007 U.S. Dist. LEXIS 11539 (Feb. 20, 2007), Judge Fitzwater confirmed that under Texas law the plaintiff is not required to have a viable cause of action apart from the declaratory judgment action.

> [C]ontrary to the out-of-state decisions that [defendant] cites in its brief, there are Texas cases that support the premise that [plaintiff] is *not* required to have a viable cause of action against [defendant] that is separate from the declaratory judgment action. What is necessary is that there be a justiciable controversy as to the rights and status of the parties -- a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute -- and the controversy will be resolved by the declaration sought.

*Id.* at 13. *See, also, Duenas v. Garland Independent School Dist.,* 961 S.W.2d 19 (Tex. App. 1996). In that case, Ms. Duenas, an employee of Garland I.S.D. filed suit for a declaratory

---

- "Trustee may *in its sole discretion* [emphasis added]" withhold amounts from distributions to cover withholding taxes (Section 2.8(j); *id.* at 36),
- The Trustee may select a purchaser for "Indenture Securities" held by a "Non-Permitted Holder" "by any other means determined by it *in its sole discretion* [emphasis added] (Section 2.11; *id.* at 37-38),
- The Trustee may choose which "dealer" to use to liquidate U.S. Treasury securities held by it under the Indenture (Section 11.2(f); *id.* at 60).

[6] Opp'n to Remand 8-9.

judgment that a compromise settlement agreement (CSA) relating to her workers' compensation claim was void because an employee in her attorney's office signed the CSA without her knowledge or authorization. The Dallas appeals court held that Duenas was entitled to a declaratory judgment binding Garland I.S.D. even though she did not allege any wrongdoing by Garland I.S.D. *Id.* at 22.

Similarly, Highland's Amended Original Petition seeks a declaratory judgment, binding on the Trustee, that the notice of termination is void and a breach of the PMA and Indenture; that CITI's actions procuring the termination of Highland as Portfolio Manager were not authorized; and that Highland remains the legitimate Portfolio Manager. Am. Pet., ¶¶ 68-71 [Dkt. 1-2 Page ID 88].

The cases cited by CITI do not support the argument that the Trustee in this case is a nominal party or improperly joined. Those cases involve substitute trustees under a deed of trust and stock transfer agents, none of which had the types of powers and discretion conferred upon the Trustee in this case. *Marsh v. Wells Fargo Bank, N.A.,* 760 F. Supp.2d 701 (N.D. Tex. 2011) involved an attempted foreclosure of the Marsh's home by Wells Fargo as servicer for another bank, acting through a law firm and substitute trustees under a deed of trust. The Marsh's obtained an order restraining the foreclosure before the case was removed to federal court. Judge Lynn held that law firm and substitute trustees were not properly joined because, (1) the Marsh's could not state a claim for wrongful foreclosure against the law firm or trustees because there had been no foreclosure; and (2) under Texas Property Code § 51.007(e) the trustees were not necessary parties to an action enjoining foreclosure. The *Marsh* case is distinguishable because the law firm and trustees were agents of the other defendants and, *by statute*, were unnecessary to the action. Furthermore, it has long been Texas law that a deed of trust does not convey title to

**PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS TO STAY AND TO REMAND PAGE 8**

the trustee. *Hirsch v. Stone,* 62 F.2d 120 (5th Cir. 1932) ("It is a rule of property in Texas that an ordinary deed of trust with power of sale, executed to secure a lien . . . conveys no title to the trustee."). Conversely, as shown above, the Trustee in this case holds title to property under the Indenture, including the PMA, is authorized to sue to enforce the PMA, and is not an agent of the other Defendants in this case.

*Pesch v. First City Bank of Dallas,* 637 F. Supp. 1530 (N.D. Tex 1986) and *Sun River Energy, Inc. v. Mirador Consulting, Inc.*, No. 3:11-CV-1132-K, 2011 U.S. Dist. LEXIS (N.D. Tex. Aug. 19, 2011) involved stock transfer agents, which Judge Fitzwater characterized as "mere depositaries and stakeholders." *Pesch,* 637 F. Supp. at 1537. As noted above, the Trustee is not a stock transfer agent, and far more than a mere depositary and stakeholder. Furthermore, not one of these cases involved analysis of whether the plaintiff could establish a declaratory judgment action *in state court.* As Judge Fitzwater noted in *Miller v. Giesecke & Devrient America, Inc.*, a plaintiff may establish a declaratory judgment action in Texas courts without asserting that the defendant engaged in wrongful conduct. 2007 U.S. Dist. LEXIS 11539 at 13.

### 3. Highland has stated a valid claim for injunctive relief against the Trustee

Highland's Amended Original Petition states a claim for a permanent injunction prohibiting CITI, Babson and the Trustee from removing Highland as Portfolio Manager. Am Pet. ¶¶ 37 to 43. As with its claim for declaratory judgment, Highland has included the Trustee in its claim for injunctive relief, in order to include "all persons whose interests will be affected."

> The petition [for injunctive relief] should name as defendants all persons whose interests will be affected and whose joinder is needed to make the injunctive order effective.

William V. Dorsaneo, TEXAS LITIGATION GUIDE § 50.05[2][a] *citing Texas Liquor Control Board v. Diners' Club, Inc.,* 347 S.W.2d 763, 767 (Tex. Civ. App. -- Austin 1961, ref. n.r.e.).

**PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS TO STAY AND TO REMAND PAGE 9**

    4. <u>Highland Has Standing to Assert a Declaratory Judgment Action Based on the Injury Caused by CITI's wrongful conduct.</u>

CITI's specious argument that Highland cannot assert a declaratory judgment action based on CITI's wrongful acquisition of property from other victims ignores the basic requirements of standing which are clearly present in this case: injury in fact, causation and redressability.[7] *LULAC v. City of Boerne, 659 F.3d 421, 431* (5th Cir. 2011). Highland has alleged injury-in-fact -- i.e., impending termination of its role as Portfolio Manager. The element of causation requires only that the party show an injury "fairly traceable" to a defendant, rather than proximate cause. *Id.* at 431. In this case Highland has alleged that CITI's wrongful conduct enabled it to induce Highland's termination and purported substitution of Babson as Portfolio Manager. Redressability is present if the injury will be redressed by a favorable decision. *Id.* A judgment declaring that CITI's acts inducing termination are void and that Highland remains Portfolio Manager will redress Highland's injury. Accordingly, Highland has standing to seek a declaratory judgment based on CITI's conduct.

## IV. CONCLUSION

Stay of CITI's motion to dismiss is appropriate pending a ruling on Highland's Motion to Remand. Highland is entitled to remand because CITI has not met its "heavy burden" of demonstrating that there is no possibility that Highland could establish a cause of action against the Trustee *in state court*.

---

[7] Opp'n to Remand 10. CITI's argument also relies on a Fifth Circuit case, *Collin Cnty, Tex v. Homeowners Ass'n for Values Essential to Neighborhood,* interpreting the *federal* declaratory judgment act rather than the Texas declaratory judgment act. As shown above, CITI has the burden of proving that Highland has no possible claim in *state* court, not in federal court. CITI's argument at footnote 6 -- that Highland cannot bring a declaratory judgment action because it is duplicative of substantive claims -- appears antithetical to the argument made at pp. 8-9 that Highland cannot bring a declaratory judgment action that is *not* based on a substantive claim.

Dated: May 18, 2012

                        Respectfully submitted,

                        **McKOOL SMITH P.C.**

                        By:  *s/ Lewis LeClair*
                            Lewis LeClair
                            Texas State Bar No. 12072500
                            300 Crescent Court, Suite 1500
                            Dallas, TX 75201
                            Email:  lleclair@mckoolsmith.com
                            Telephone:  (214) 978-4000
                            Facsimile:  (214) 978-4044

                            **ATTORNEYS FOR PLAINTIFF,**
                            **HIGHLAND CAPITAL MANAGEMENT, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record on this the 18th day of May, 2012 through the CM/ECF system.

                             *s/ Lewis LeClair*
                            Lewis LeClair