UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, LP., | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | |
| CITIGROUP GLOBAL MARKETS, INC., BABSON CAPITAL MANAGEMENT LLC, and THE BANK OF NEW YORK MELLON TRUST, N.A., | | NO. 3:12-CV-01100 |
| *Defendants.* | | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO REMAND**

## **TABLE OF CONTENTS**

I.    SUMMARY ........................................................................................................................... 1

II.   ARGUMENT ........................................................................................................................ 2

       A.    Defendant Babson was unequivocally served before removal and was required to file its own written consent with the Court within thirty days of service ............................................................. 2

       B.    CITI's "estoppel" argument is baseless ................................................................. 3

       C.    No filing made by Babson or BONY constitutes timely consent to removal in the form required ................................................................. 3

       D.    Defendant BONY Is Properly Joined In This Action ............................................. 5

       E.    Defendant Babson Is Properly Joined in This Action ............................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B., Inc. v. Miller Brewing Co.*,
    663 F.2d 545 (5th Cir. 1981) ................................................................................................1

*Denius v. Morton*,
    No. 05 -92-02501-CV, 1994 WL 159847 (Tex. App. – Dallas Apr. 28, 1994) ..................5, 6

*Druker v. Fortis Health*,
    No. L-06-00052, 2006 WL 2022891 (S.D. Tex. July 17, 2006) ..........................................4

*Getty Oil Corp. v. Ins. Co. of N. Am.*,
    841 F.2d 1254 (5th Cir. 1988) ...............................................................................................2

*Hambric Sports Mgmt., LLC v. Team AK, Inc.*,
    No. 3:09 ................................................................................................................................4

*Indep. Capital Mgmt., L.L.C. v. Collins*,
    261 S.W. 3d 792 (Tex. App. – Dallas 2008, no pet.) ...........................................................7

*Jernigan v. Ashland Oil Inc.*,
    989 F.2d 812 (5th Cir. 1993) ................................................................................................4

*Rico v. Flores*,
    481 F.3d 234 (5th Cir. 2007) ................................................................................................4

*Smallwood v. Ill, Cent. R.R. Co.*,
    385 F.3d 568 (5th Cir. 2004) ............................................................................................5, 7

*Spoon v. Fannin Cnty Cmty Supervision & Corr. Dept.*,
    794 F.Supp.2d 703 (E.D. Tex. 2011) ...................................................................................3

*Sun River Energy, Inc. v. Mirador Consulting Inc.*
    No. 3:11-CV-1132 –K, 2011 WL 3703229 (N.D. Tex. Aug, 19, 2011) ..............................6

*Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*,
    427 F.2d 325 (5th Cir. 1970) ................................................................................................5

*Val-Com Acquisitions Trust v. Wells Fargo Bank, N.A.*,
    No. 3:10-CV-1331-L, 2011 WL 67882 (N.D. Tex. June 23, 2011) .....................................7

**STATUTES**

28 U.S.C. 1446(b)(2)(A) ................................................................................................................4


**OTHER AUTHORITIES**

16-107 Moore's Federal Practice - Civil § 107.41 ........................................................................1

Tex. R. App. P. 47.7(b) ..................................................................................................................5

Plaintiff Highland Capital Management, L.P. ("Plaintiff" or "Highland") files this Reply Brief in Support of Its Supplemental Motion to Remand.[1]

## I.    SUMMARY

As the parties urging jurisdiction on this court, Defendants bear the burden of demonstrating the basis of that jurisdiction *and* their compliance with all procedural requirements.

> [A] defendant who has removed a case ordinarily has the burden of proving the grounds necessary to support removal when the plaintiff attempts to remand the case, including compliance with procedural requirements.

16-107 Moore's Federal Practice - Civil § 107.41. *See, also, B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981) ("Because the establishment of a basis for the exercise of subject matter jurisdiction is the sine qua non of federal litigation, we have consistently held that it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal.").

Defendants have not carried their burden -- even with respect to the procedural requirement that each properly joined and served defendant itself file with the court some written indication of consent to removal within thirty days after being served. It is uncontroverted that at the time of removal, both CITI and Babson had been served.[2] Therefore, at least Babson was

---

[1] On June 13, 2012, Plaintiff Highland exercised its right to prevent its removal as Portfolio Manager of Liberty CLO by completing a buy-out of most of the Class E Certificates. Accordingly, Highland no longer needs injunctive relief but is considering the extent of the damages caused by the conduct of the defendants and expects to amend its petition to pursue only damage claims. Plaintiff proposed to the Defendants that the parties move to stay this Court's consideration of the pending Motion to Remand for fourteen days to allow Highland to complete consideration of the damages and any proposed amendment. Although Defendant Babson Capital Management LLC consented, Defendant Citigroup Global Markets, Inc. refused. Therefore, Highland submits this Reply and will file further pleadings as appropriate after completing its review of the recent developments. Highland has no objection to the Court delaying a ruling on the pending Motion to Remand for two weeks in order to allow Highland to file and serve an appropriate amended complaint or other appropriate pleading.

[2] In its Supplemental Motion to Remand, Highland recited that all Defendants were served with Plaintiff's Amended Original Petition on April 10, 2012. [Dkt. 24, p. 1] Through oversight, Highland's Supplemental Motion neglected

required to file, on its own behalf -- and not through some representation of consent in a filing by CITI -- a written indication that it consented to removal. It is also uncontroverted that Babson did not do that.

In addition to addressing the procedural defects, Defendants also argue that the Babson and The Bank of New York Mellon Trust Company, National Association ("BONY") are excused from consenting to removal because each was improperly joined. In support of these assertions, Defendants make the same arguments made in CITI's Opposition to Motion to Remand [Dkt. 18]. As demonstrated in Highland's Reply in Support of Motions to Stay and to Remand [Dkt. 25], those arguments fail.

## II. ARGUMENT

### A. Defendant Babson was unequivocally served before removal and was required to file its own written consent with the Court within thirty days of service

Defendant Babson, in the second paragraph of its Opposition to Plaintiff's Supplemental Motion to Remand ("Babson Opp.") "confirms" that it was served on April 10, 2012. Defendant CITI likewise asserts at page 1 of its Opposition to Supplemental Motion to Remand ("CITI Opp.") that the case was removed "*before* Babson and BNYM were served with process." Both Babson and CITI fail to inform the Court that Babson was *also* served *before removal*.

Plaintiff filed this suit in the 101st District Court of Dallas County on April 5, 2012 and diligently pursued service of process. As shown in the Affidavits of Service for Defendants [Declaration of Lewis T. LeClair, Exhibits A & B; App.3-6], CITI and Babson were served with

---

to mention that Defendants Citi and Babson were also served with Plaintiff's Original Petition on April 6, 2012. Plaintiff was thereafter required to amend its petition in order to correct the name of Defendant The Bank of New York Mellon Trust Company, National Association, whose agent for service of process refused to accept service unless "The" was inserted before "Bank."

**PLAINTIFF'S REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO REMAND- PAGE 2**
McKool 448321v2

process on April 6, 2012, three days *before* removal.[3] Babson, at least, was therefore required to file, on its own behalf, some written indication with the Court that it consented to removal before the expiration of thirty days after service. *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *Spoon v. Fannin Cnty Cmty Supervision & Corr. Dept.,* 794 F.Supp.2d 703 (E.D. Tex. 2011).

B.  **CITI's "estoppel" argument is baseless**

CITI's Opposition places in a footnote the unsupported assertion that Highland is estopped to assert that removal is defective because it "actively engaged with BNYM and Babson to negotiate answer dates." CITI Opp., p.1, n 2. That Highland's counsel graciously agreed, at the request of counsel for BONY and for Babson, to extend the time for them to answer Highland's petition does not constitute grounds for estoppel. Nor does CITI's Opposition cite any authority for this proposition.

C.  **No filing made by Babson or BONY constitutes timely consent to removal in the form required**

In the "Summary" section of its Opposition, CITI seems to make the argument that, even if they were not required to, BONY and Babson formally consented to the removal. However, CITI makes no separate argument for this proposition and the only support for this suggestion is in footnote 1 (CITI Opp. 1) and footnote 4 (CITI Opp. 4). Neither footnote is persuasive.

In footnote 1, CITI recites the fact that Babson and BONY each filed an "opposition to remand 35 days after service of process was effected on them." (CITI Opp. 1, n 1) This is irrelevant. As thoroughly explained in the Supplemental Motion, formal evidence of consent to a

---

[3] Service was also attempted on The Bank of New York Mellon Trust Company, National Association ("BONY") on April 6, 2012, but BONY's agent for service of process refused to accept service because "The" had not been asserted before "Bank" in the citation.

Removal Petition must be filed with the Court within 30 days of service. Clearly, filing the "opposition to remand" 35 days after service exceeds the 30-day deadline.

In footnote 4, CITI once again refers to BONY's and Babson's joinder in the opposition to remand and also asserts that "[o]ut of an abundance of caution… CITI procured …consents to removal." CITI Opp. 4, n 4. However, nowhere in its Opposition does CITI cite any authority to contradict Highland's arguments and authority in its Supplemental Motion that no action taken by any of these defendants met the consent requirements of 28 U.S.C. 1446(b)(2)(A). In fact CITI's Opposition fails to refer to or even acknowledge those arguments.

In section B of its Opposition, CITI claims (CITI Opp. 4) that no consent is required under 28 U.S.C 1446(b) (2) (A) from the other defendants "where the removing party alleges that the other defendants are improperly joined." However, the cases cited by CITI do not support an assertion that a mere allegation of improper joinder is enough to defeat the requirements of 28 U.S.C 1446(b) (2) (A). *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993), *Hambric Sports Mgmt., LLC v. Team AK, Inc.*, No. 3:09 – CV-1662-L, 2010 WL 1962691 at*5 (N.D. Tex. May 14, 2010) and *Druker v. Fortis Health*, No. L-06-00052, 2006 WL 2022891 (S.D. Tex. July 17, 2006) are all cases where the removing defendant established and the court found that the non-consenting defendants were improperly joined. In the additional case cited, *Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007), the court found that all defendants were properly joined and held that the motion to remand should have been granted. Hence, any discussion in these cases suggesting that allegations of improper joinder excuse the unanimity of consent requirement is dicta. Accordingly, CITI has cited no authority that excuses it from the necessity of establishing, not just alleging, that BONY and Babson are improperly joined. They fail to do so.

D.  **Defendant BONY Is Properly Joined In This Action**

CITI's arguments that BONY is improperly joined are contained in paragraph B.1. of its Opposition (CITI Opp. 5), where it repeats the arguments contained in its "Opposition to Motion to Remand" [Dkt. 18]. Once again, CITI largely ignores the arguments and authorities Highland makes in its Reply Brief in Support of Its Motions to Stay and to Remand [Dkt. 25, "Highland Reply ISO Mots to Stay & Remand"], relegating them to footnotes where it states that Highland's Reply Brief "does not change this analysis." *See* CITI Opp. 5, n. 5 & 6, n. 6.

Footnote 5 purports to support CITI's claim that BONY is a "mere nominal or formal party," but the cases it cites do not support its argument. *Smallwood v. Ill, Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) was cited in CITI's Opposition to Motion to Remand [Dkt. 18] for the general considerations in determining proper joinder. In *Smallwood*, joinder was found to be proper and the case was remanded. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970) is also cited for the undisputed proposition that the citizenship of improperly joined parties is not considered in determining diversity. The result in *Tri-Cities* was a remand to the trial court for further evidentiary proceedings on the issue.

The only specific arguments that CITI makes in footnote 6 are that (i) Highland failed "to address Highland's standing to seek a declaratory judgment under Texas law," and (ii) Highland "misleadingly" claimed that the Trustee is a party to the PMA. These arguments are factually incorrect and legally insufficient. Highland addressed standing in its Reply in Support of Motions to Stay and to Remand. Reply ISO Mots to Stay & Remand 9. Highland demonstrated that BONY is a party to the PMA by virtue of the granting clauses of the Indenture, which grant to the Trustee all of the Issuer's "right, title, and interest in, to, and under" the PMA. Reply ISO Mots to Stay & Remand 2 & 6.

For the first proposition CITI cites only *Denius v. Morton*, No. 05-92-02501-CV, 1994 WL 159847 (Tex. App. – Dallas Apr. 28, 1994) (unpublished).[4] In addition to being a case that the Dallas Court of Appeals directed should not be cited as authority, *Denius* does not support CITI's assertion. In that case, the Dallas Court of Appeals held that after Denius won summary judgment dismissing Morton's claims against him, his counterclaim for a declaratory judgment construing an agreement to which he was not a party did not present a justiciable controversy. *Id.* at 3-4. In this case Highland has not won a judgment, and its declaratory judgment claim relates to agreements to which it *is* a party.

For its second assertion, CITI cites only *Sun River Energy, Inc. v. Mirador Consulting Inc*. No. 3:11-CV-1132 –K, 2011 WL 3703229 at *2 (N.D. Tex. Aug, 19, 2011). This case deals with a stock transfer agent and not a trustee with substantive power and discretion under an indenture. CITI cited this case in its Opposition to Motion to Remand [Dkt. 18.] and Highland distinguished it in its Reply Brief [Dkt.. 25] at page 9.

In summary, CITI completely fails to adduce any authority that adds to the arguments made with respect to BONY's joinder in its Opposition to Motion to Remand [Dkt. 18], all of which were refuted by Highland in its Reply Brief [Dkt. 25].

E.      **Defendant Babson Is Properly Joined in This Action**

CITI argues at pages 7-8 that Babson is improperly joined in this action. A cryptic statement in its Notice of Removal and Amended Notice of Removal that Babson was improperly joined because CITI "directed the removal of the Portfolio Manager based on its equity holding of the CLO" is the only indication in CITI's filings that Babson has been improperly joined. CITI made no argument about Babson's improper joinder in its Opposition to

---

[4] CITI's Opposition fails to note that this case was unpublished and has "no precedential value" under the Texas Rules of Appellate Procedure. Tex. R. App. P. 47.7(b)

Motion to Remand [Dkt. 18]. The three cases CITI cites in support of its argument-- *Smallwood v. Ill, Cent. R.R. Co.* (385 F.3d 568 (5th Cir. 2004), *Val-Com Acquisitions Trust v. Wells Fargo Bank*, *N.A.*, No. 3:10-CV-1331-L, 2011 WL 67882 (N.D. Tex. June 23, 2011) [5] and *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W. 3d 792, 796, n2 (Tex. App. – Dallas 2008, no pet.) -- provide no support for that argument.

As discussed above, in *Smallwood*, joinder was found to be proper and the case was remanded. *Val-Com* is not relevant to the issues in the Supplemental Motion because it is not a removal case; it involves a motion to dismiss under Rule 12(b) (6) of claims under federal law (Regulation Z and RESPA); and it granted dismissal based on a limitations defense. As with *Denius*, discussed above, the district court determined that after the plaintiff's claims were dismissed, there remained no justiciable controversy to support a declaratory judgment. *Val-Com*, 2011 U.S. Dist. LEXIS 67882 at 17.

In *Independent Capital*, the court of appeals reversed the trial court's order for a temporary injunction because the order was "conclusory" and failed to specify the injuries the plaintiff would suffer. The language from the case that CITI cites regarding "reputational damage" is dicta contained in a footnote. Furthermore the language does not contravene the validity of Highland's claims against Babson.

Finally, CITI also states that its arguments relating to Babson are "more fully set forth in [its] Motion to Dismiss." As consideration of that motion has been stayed [Dkt. 27], Highland will defer responding to those arguments until the stay has expired.

Accordingly, Highland's Motion to Remand should be granted.

---

[5] This case is erroneously cited as 2011 WL 2517230 in CITI's Opposition.

Dated: June 22, 2012

        Respectfully submitted,

        **McKOOL SMITH P.C.**

        By:  *s/ Lewis LeClair*
           Lewis LeClair
           Texas State Bar No. 12072500
           300 Crescent Court, Suite 1500
           Dallas, TX 75201
           Email:  lleclair@mckoolsmith.com
           Telephone:  (214) 978-4000
           Facsimile:  (214) 978-4044

        **ATTORNEYS FOR PLAINTIFF,**
        **HIGHLAND CAPITAL MANAGEMENT, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record on this the 22nd day of June, 2012 through the CM/ECF system.

        *s/ Lewis LeClair*
        Lewis LeClair