UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, LP, | § § | |
| Plaintiff, | § § § | |
| v. | § § | |
| CITIGROUP GLOBAL MARKETS, INC., BABSON CAPITAL MANAGEMENT LLC, and THE BANK OF NEW YORK MELLON TRUST, N.A., | § § § § § § | NO. 3:12-cv-01100-N |
| Defendants. | § | |

**CITIGROUP GLOBAL MARKETS, INC.'S OPPOSITION TO
PLAINTIFF'S REQUEST TO STAY CONSIDERATION OF MOTION TO REMAND**

George M. Kryder
   State Bar No. 11742900
Michael C. Holmes
   State Bar No. 24002307
Manuel G. Berrelez
   State Bar No. 24057760
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

Marshall H. Fishman
   (Admitted *pro hac vice*)
Patrick D. Oh
   (Admitted *pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for Defendant Citigroup Global Markets, Inc.*

Defendant Citigroup Global Markets, Inc. ("Citigroup") respectfully submits this opposition to Highland's improper request to stay consideration of the Motion to Remand for two weeks "to allow Highland to file and serve an appropriate amended complaint or other appropriate pleading." Highland's Reply in Support of Supplemental Motion to Remand ("Reply") at 1 n.1.

Highland's request to stay consideration of its remand motion fails to comply with Fed. R. Civ. P. 7(b), which requires a motion for any request for a court order, including a request to stay. *See also* Local Rule 7.1(h) (requiring both a brief and a certificate of conference for a motion to stay). Highland's request (in a reply-brief footnote, no less) for a two-week "delay" while it decides whether to seek leave to amend its now mooted petition or to file a new lawsuit altogether is an obvious attempt to circumvent the rules governing motions to stay and to deny Citigroup the opportunity to respond to that request.

Moreover, Highland has conceded that its pending claims – which all arise from its removal as Portfolio Manager without cause – are now moot and that there currently is no case or controversy before the Court. As Highland states in its Reply, as a result of its decision to exercise its right under Section 12(c) of Liberty CLO Portfolio Management Agreement (the "PMA") to prevent its removal by completing the buy-out of most of the Class E Certificates, "Highland no longer needs injunctive relief." Reply at 1 n.1. Importantly, each of Highland's claims arises from the exact same allegations upon which it based its claims for injunctive relief – namely, Citigroup's direction to remove without cause Highland as Portfolio Manager of the Liberty CLO pursuant to Citigroup's then-contractual right as super-majority holder of the Liberty CLO Class E Certificates. Given Highland's decision to complete the buy-out and avoid

**CITIGROUP GLOBAL MARKETS, INC.'S**
**OPPOSITION TO REQUEST FOR STAY –** 1

removal as Portfolio Manager, the allegations underpinning each of Highland's claims no longer apply to this case.

In short, Highland concedes that its petition no longer asserts any live claims against Citigroup or any other defendant. Under these circumstances, there simply is no basis to delay consideration of Highland's remand motion while Highland determines whether to seek leave to amend its claims or to bring an entirely new lawsuit against Citigroup or the other defendants. Given Highland's admission that its lawsuit now asserts mooted claims, along with its failure to properly seek a stay of consideration of the remand motion, the Court should ignore Highland's request for a stay and dismiss this case at its earliest convenience.[1]

---

[1] Citigroup notes that the Court is authorized to decide the question of mootness *sua sponte*, *see Harris v. City of Houston*, 151 F.3d 186, 189 n.4 (5th Cir. 1998) (observing that mootness may be raised *sua sponte*), and that Citigroup raised the issue of mootness in its Motion to Dismiss (Doc. 9 at 6-8).

**CITIGROUP GLOBAL MARKETS, INC.'S**
**OPPOSITION TO REQUEST FOR STAY** – 2

Dated:  June 26, 2012

Respectfully submitted,

/s/ *George M. Kryder*
George M. Kryder
  State Bar No. 11742900
Michael C. Holmes
  State Bar No. 24002307
Manuel G. Berrelez
  State Bar No. 24057760
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

Marshall H. Fishman
  (Admitted *pro hac vice*)
Patrick D. Oh
  (Admitted *pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000

*Attorneys for Defendant Citigroup Global Markets, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon counsel of record on this 26th day of June, 2012, in accordance with the Federal Rules of Civil Procedure.

/s/ *Manuel G. Berrelez*
Manuel G. Berrelez

US 1461698v.1