.UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, LP, § § § | | |
| Plaintiff, § § | | |
| v. § § | | |
| CITIGROUP GLOBAL MARKETS, INC., BABSON CAPITAL MANAGEMENT LLC, and THE BANK OF NEW YORK MELLON TRUST, N.A., § § § § § § | NO. 3:12-cv-01100-N | |
| Defendants. § | | |

# CITIGROUP GLOBAL MARKETS, INC.'S SUPPLEMENTAL MOTION TO DISMISS

George M. Kryder
   State Bar No. 11742900
Michael C. Holmes
   State Bar No. 24002307
Manuel G. Berrelez
   State Bar No. 24057760
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

Marshall H. Fishman
   (Admitted *pro hac vice*)
Patrick D. Oh
   (Admitted *pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for Defendant Citigroup Global Markets, Inc.*

Defendant Citigroup Global Markets, Inc. ("Citigroup") respectfully submits this supplemental motion (the "Supplemental Motion") to dismiss the Amended Original Petition (the "Petition") by Plaintiff Highland Capital Management, LP ("Highland"), under FED. R. CIV. P. 12(b)(1), in light of recent developments that have mooted all the claims stated in the Petition.[1]

**RECENT DEVELOPMENTS**

In its Petition, Highland asserted claims against Citigroup and other Defendants arising solely from Citigroup's prior direction to remove without cause Highland as Portfolio Manager of the Liberty CLO, which Citigroup undertook pursuant to its now-extinguished contractual right while it was the super-majority holder of the Liberty CLO Class E Certificates. (*See, e.g.,* Pet. ¶¶ 39, 41 (under Count One), 47 (Count Two), 51-52 (Count Three), 56-57 (Count Four), 64 (Count Five), 69-71 (Count Six).) This now-extinguished contractual right arose under Section 12(c) of the Liberty CLO Portfolio Management Agreement (the "PMA"). (*See id.* ¶ 27, Ex. B § 12(c).)

Recently, however, on June 13, 2012, Highland exercised its own right under Section 12(c) of the PMA to prevent its removal by successfully completing the buy-out of most of the Class E Certificates (the "Buy-out"). (*See* Pl.'s Reply Br. in Supp. of its Mot. to Remand (the "Supplemental Reply") 1 n.1 (Doc. 32).) Highland initially notified the Liberty CLO Trustee of its intent to complete the Buy-out on May 7, 2012, more than six weeks prior, and the transaction ultimately closed within the time specified in Section 12(c). (*See id.*) Thus, Highland – not Citigroup – is now the super-majority holder of the Class E Certificates, and Highland will ***not*** be removed as Portfolio Manager as alleged in the Complaint. Highland has, accordingly,

---

[1] Citigroup's original motion to dismiss or to transfer (the "Motion to Dismiss") and Highland's motion to remand are pending before the Court. (*See* Docs. 5, 9.)

**CITIGROUP GLOBAL MARKETS, INC.'S**
**SUPPLEMENTAL MOTION TO DISMISS –** 1

conceded that it "no longer needs injunctive relief" as requested in Count One of its Petition. (*Id.*)

## THE PETITION IS MOOT AND DISMISSAL IS WARRANTED

Given that Highland will now continue as Portfolio Manager, it is clear that all of Highland's claims – which, like Count One, arise entirely from Citigroup's direction of removal – are now moot and that there is no case or controversy before the Court. *See Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008) ("A claim becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'") (citation omitted); *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)); *Lamonica v. S. L. E., Inc.* (*In re S. L. E., Inc.*), 674 F.2d 359, 364 (5th Cir. 1982) ("If a dispute … has evanesced because of changed circumstances, including the passage of time, it is considered moot."). Accordingly, the Court no longer has jurisdiction over this matter and dismissal under Rule 12(b)(1) is warranted. *See Comb v. Benji's Special Educ. Acad.*, No. H-10-3498, 2012 WL 1067395, at *4 (S.D. Tex. Mar. 28, 2012) ("If a case becomes moot, it deprives the court of jurisdiction and should be dismissed under Rule 12(b)(1)."); *Harris*, 151 F.3d at 189 n.4 (observing that mootness must be addressed regardless of the posture of the case, even *sua sponte* when necessary).[2]

For its part, Highland concedes that its Petition no longer asserts any live claims against Citigroup or any other Defendant. (*See* Supplemental Reply 1 n.1.) Thus, because all of

---

[2] The mootness of Highland's claims also bars **remand** because, *inter alia*, Highland has no claims against the other Defendants. (*See* Citigroup's Opp'n to Mot. to Remand 5-11; Opp'n to Supplemental Mot. to Remand 5-8.)

Highland's claims are now moot, any further consideration of Highland's Motion to Remand is superfluous, and the Court should dismiss this case at its earliest convenience.

Dated: June 28, 2012

                Respectfully submitted,

                /s/ *George M. Kryder*
                George M. Kryder
                  State Bar No. 11742900
                Michael C. Holmes
                  State Bar No. 24002307
                Manuel G. Berrelez
                  State Bar No. 24057760
                VINSON & ELKINS LLP
                2001 Ross Avenue, Suite 3700
                Dallas, TX 75201-2975
                Telephone: (214) 220-7700
                Facsimile: (214) 220-7716

                Marshall H. Fishman
                  (Admitted *pro hac vice*)
                Patrick D. Oh
                  (Admitted *pro hac vice*)
                FRESHFIELDS BRUCKHAUS DERINGER US LLP
                601 Lexington Avenue, 31st Floor
                New York, NY 10022
                Telephone: (212) 277-4000

                *Attorneys for Defendant Citigroup Global Markets, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing instrument was served upon counsel of record on this 28th day of June, 2012, in accordance with the Federal Rules of Civil Procedure.

                /s/ *Manuel G. Berrelez*
                Manuel G. Berrelez

US 1465542v.2